# Standards for Closing a Meeting of the Select Commission on Immigration and Refugee Policy

The Select Commission on Immigration and Refugee Policy is subject to the requirements of the Federal Advisory Committee Act, which provides that advisory committee meetings may be closed to the public only upon a determination that one or more of the exemptions of the Government in the Sunshine Act is applicable.

The December 1980 meeting of the Commission may not be closed in its entirety for national security and foreign policy reasons, insofar as it deals with matters not relating to those issues; the spirit of the Federal Advisory Committee Act requires that the meeting agenda be structured so that classified and other exempt information is considered separately from the main, and congressionally mandated public, policy discussions and decisionmaking activities of the Commission.

October 10, 1980

THE CHAIRMAN OF THE SELECT COMMISSION ON
IMMIGRATION AND REFUGEE POLICY

MY DEAR MR. CHAIRMAN: This is in response to your letter of September 2, 1980, concerning the possibility of closing the December meeting of the Select Commission on Immigration and Refugee Policy for national security and foreign policy reasons. I do not believe that the meeting, in its entirety, may properly be closed on that ground to the extent it deals with matters not relating to those issues, e.g., enforcement matters.

The Commission is an "advisory committee" as that term is defined in § 3(2) of the Federal Advisory Committee Act (FACA), 5 U.S.C. App. I. It is subject to the requirements of the Act. Under FACA § 10(a)(1), advisory committee meetings must be open to the public unless closed pursuant to § 10(d). Section 10(d) permits closure of "any *portion* of an advisory committee meeting where the President, or head of the agency to which the Committee reports, determines that such portion of such meeting may be closed to the public in accordance with subsection (c) of § 552b of Title 5 (Government in the Sunshine Act)" (emphasis added). Thus an advisory committee meeting may be closed only upon determination by an appropriate official [1] that one or more

---

[1] Either "the President or head of the agency to which the [Commission] reports." For the Commission, the President and the "agency head" are identical. However, the President has delegated his functions under FACA to the Administrator of General Services, Executive Order No. 12024, § 2,

of the ten open-meeting exemptions of the Government in the Sunshine Act is applicable. The determination must be in writing. Further, only those portions of the meeting to which the exemption relied upon is relevant may be closed; the remainder of the meeting must be open.

You give examples of the types of issues to be discussed at the December meeting and state your belief that full consideration of those issues may involve sensitive national security and foreign policy information. You conclude, based on this, that the meeting should be closed in order to permit the participants "to feel free to talk directly, concretely, and confidentially on issues which vitally affect the formation of immigration and refugee policy."

Under applicable legal standards, only those portions of advisory committee meetings "likely to disclose matters that are (A) specifically authorized under criteria established by an Executive order to be kept secret in the interests of national defense or foreign policy *and* (B) in fact properly classified pursuant to such Executive order," 5 U.S.C. § 552b(c)(1) (emphasis added), may be closed for those reasons. It is, of course, possible that the Commission, during its deliberations, might need to consider particular information related to national defense or foreign policy that has been properly classified (under the standards of Executive Order No. 12065) by an official with classification authority. If so, that portion of the meeting in which the particular information is proposed to be discussed may be closed (with advance notice) under the procedures of FACA § 10(d) and OMB Circular A–63, as amended. It does not appear, however, that the entire December meeting may be closed based on the speculation that a free-form exploration of issues related to immigration policy might require that some classified information be disclosed. The spirit of FACA requires that the meeting agenda be structured so that classified and other exempt information is considered separately from the main, and congressionally mandated public, policy discussions and decisionmaking activities of the Commission, unless such structuring is impossible. I doubt that it would be impossible in the case of the December meeting.

Should you believe that a portion of the December meeting must be closed so that the Commission may consider specific classified information, you should seek the assistance of the Committee Management Secretariat of the General Services Administration in arranging for the closure.

Sincerely,
BENJAMIN R. CIVILETTI

---

who would be the appropriate official to make closing determinations with respect to meetings of the Commission.